IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| CHARLES H. BLAIR, JR., | ) | No. 3:21-CR-145-TAV-JEM |
| BENJAMIN LEE MARRIOTTI, JR., | ) | |
| ANTHONY L. WALDO, and | ) | |
| LARRY D. WILLIAMS, JR., | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Judge as may be appropriate. This case came before the undersigned on July 5, 2022, for a telephonic hearing on Defendant Williams's Motion to Continue Trial Date and All Related Deadlines [Doc. 123], filed on June 21, 2022. Assistant United States Attorney Alan S. Kirk appeared by telephone on behalf of the Government. The following defense counsel appeared via telephone: Attorney Christopher Rodgers appeared on behalf of Defendant Blair; Attorney Ryan Kinderman appeared in place of Attorney Alex Robert Kessel on behalf of Defendant Marriotti; Attorney Jamie Poston Hughes appeared on behalf of Defendant Waldo; and Attorney Russell T. Greene appeared on behalf of Defendant Williams.

In his motion [Doc. 123], Defendant Williams asks the Court to continue the July 19, 2022, trial in this matter and all related deadlines. The motion relates that Defendant Williams's counsel has received and reviewed much of the discovery in this matter and has discussed a potential resolution of Defendant Williams's case with the Government. Defendant Williams's counsel

states that he needs more time to investigate the parameters of the proposed resolution and how they impact Defendant Williams. In addition, counsel needs more time to discuss the potential agreement with Defendant Williams because he is currently being housed at the Laurel County Detention Center in Kentucky. The motion indicates that the Government does not oppose the requested continuance.

At the hearing, Defendant Williams relied on his motion [Doc. 123]. Defendants Blair and Waldo stated through counsel that they did not oppose the requested continuance. Defendant Marriotti's counsel explained that Defendant Marriotti has had no contact with his counsel, and he appears to have absconded; thus, Defendant Marriotti's counsel could not stipulate regarding the requested continuance. The Government confirmed that it does not oppose the requested continuance and also stated that it had intended on filing its own motion for a continuance prior to the filing of Defendant Williams's motion due to Defendant Marriotti's location being unknown. The parties agreed to a new trial date of December 13, 2022.

The Court finds Defendant Williams's Motion to Continue Trial Date and All Related Deadlines [Doc. 123] is well taken and unopposed by those defendants still awaiting trial, except for Defendant Marriotti whose position cannot be determined at this time. The Court also finds that the ends of justice served by granting a continuance outweigh the interest of the defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Court finds a trial continuance is necessary to provide defense counsel more time to engage in negotiations toward potential resolutions of this matter, to investigate the effects of any proposed resolutions on each defense counsel's respective client, and to otherwise prepare this matter for trial if those negotiations prove unfruitful. The Court finds that all of this cannot occur before the July 19, 2022, trial date. Accordingly, the Court finds that a trial continuance is warranted for counsel to have the reasonable

time necessary to prepare for trial despite their use of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

Defendant Williams's Motion to Continue Trial Date and All Related Deadlines [**Doc. 123**] is **GRANTED**. The trial of this case is reset to December 13, 2022. The Court finds that all the time between the filing of the motion on **June 21, 2022**, and the new trial date of **December 13, 2022**, is fully excludable under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. §§ 3161(h)(1)(D) & (7)(A)–(B). Accordingly, the Court **ORDERS** as follows:

(1) Defendant Williams's Motion to Continue Trial Date and All Related Deadlines [**Doc. 123**] is **GRANTED**;

(2) The trial of this case is reset to commence on **December 13, 2022, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) All time between the filing of the motion on **June 21, 2022**, and the new trial date of **December 13, 2022**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The new deadline to file a plea agreement in the record and to provide reciprocal discovery is **November 10, 2022**;

(5) Motions *in limine* are due on or before **November 28, 2022**;

(6) The parties are to appear before the undersigned for a final pretrial conference on **November 28, 2022, at 10:00 a.m.**; and

(7) Requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4. shall be filed on or before **December 2, 2022.**

**IT IS SO ORDERED.**

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge